# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**EVERGLADES AIRBOAT MANAGEMENT, LLC,**
    Plaintiff,

v.                                        2:25-cv-659-KCD-NPM
                                            IN ADMIRALTY

**UNKNOWN CLAIMANTS,**
    Defendants.

---

## ORDER

Plaintiff[1] Everglades Airboat Management, LLC is the owner of a 2014 18' Alumitech Airboat motor vessel, Hull ID# AON02272D414 (the "vessel"). The vessel was involved in a maritime allison when it ran into a thicket of mangroves on or about February 28, 2024, in the vicinity of Panther Creek waterway in the territorial waters in or near Everglades City, Florida. Seeking to minimize or eliminate its exposure for the allison, Everglades brought this action under the Limitation of Liability Act.

Along with its complaint, Everglades filed an ad interim stipulation for the value of its vessel as security for any claims against Everglades or its property arising from the allison. And before the court is Everglades's motion to approve

---

[1] A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as a plaintiff. *See* Supplemental Rule F. In orders, notices, pleadings, and other papers in this action, Everglades Airboat Management, LLC should therefore be referred to as plaintiff rather than petitioner.

the ad interim stipulation, enjoin any related proceeding, and set a claim-filing deadline following the publication of a court-approved notice. (Doc. 3). But because Everglades's ad interim stipulation does not constitute adequate security, the motion is **denied without prejudice**.

To safeguard the interests of claimants, Supplemental Rule F and section 30529 of the Limitation of Liability Act require a plaintiff to provide security at the commencement of a limitation action. That security may be "an amount equal to the value of the owner's interest in the vessel and pending freight" or an alternative "approved security." 46 U.S.C. § 30529(b)(1)(A); Fed. R. Civ. P. Supp. F(1). "The posting of proper and adequate security is a condition precedent to obtaining the benefits of the Act[.]" *In re Mongelli*, No. 8:23-cv-1618-TPB-CPT, 2023 WL 5104895, *1 (M.D. Fla. Aug. 9, 2023) (internal citations omitted); 46 U.S.C. § 30529(c). "Ultimately, the court possesses great discretion in determining just what constitutes appropriate security." *In re Petition of Paradise Fam., LLC*, No. 8:24-cv-1161-KKM-UAM, 2024 WL 3377796, *2 (M.D. Fla. July 11, 2024).

One form of approved security is an ad interim stipulation. This is the vessel owner's statement of the vessel's value and an agreement to be held liable for the vessel's value, backed by assurance from the vessel's insurer that it will pay the stated value. *Id.* When properly submitted, the ad interim stipulation "is deemed a

substitute for the vessel and may stand as security for a claim up to the stipulated amount." *In re Petnuch*, No. 3:20-cv-497-J-32PDB, 2020 WL 4206369, *1 (M.D. Fla. July 22, 2020).

Everglades has provided an ad interim stipulation as security in lieu of depositing cash into the court's registry. (Doc. 3 at 3-7). The stipulation states the value of the vessel ($18,000) but provides no other assurances. *Id.* This will not suffice. To supply adequate security, an ad interim stipulation customarily includes a letter of undertaking—a letter in which the insurer promises to pay the insured value of the vessel.[2] However, Everglades's stipulation does not. And "[c]ourts have rejected ad interim stipulations that do not attach letters of undertaking, for fear that they do not provide sufficient security to potential claimants." *In re Petition of Paradise Fam.*, LLC, No. 8:24-cv-1161-KKM-UAM, 2024 WL 3012981, *3 (M.D. Fla. June 14, 2024) (collecting cases); *see also Matter of Carpe Diem 1969 LLC*, No. cv 2017-56, 2018 WL 1463687, *2 (D.V.I. Mar. 23, 2018) (noting that "at the very least" an ad interim stipulation "should require a letter of undertaking executed by an appropriate surety"). This court shares that same concern.

Without a letter of undertaking, "the Court is not convinced plaintiff's ad

---

[2] While a letter of undertaking is the traditional form of security that accompanies a stipulation of value, that is not to say that we would be unwilling to consider something else, such as an appropriate bond from a surety.

- 4 -

interim stipulation…will protect claimants in the manner contemplated by the Act and the Supplemental Rules." *Matter of Complaint of Cannons Marina, Inc.*, No. 8:19-cv-1781-T-02CPT, 2019 WL 13245180, *3 (M.D. Fla. Aug. 22, 2019). Accordingly, Everglades's motion to approve ad interim stipulation (Doc. 3) is **denied without prejudice**. If Everglades so chooses, it may refile an ad interim stipulation with appropriate surety by **October 15, 2025**.

                                         **ORDERED** on September 24, 2025

                                         NICHOLAS P. MIZELL
                                         United States Magistrate Judge